Filed 3/17/25  Torres v. Avco Corporation CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GREGORY TORRES et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> AVCO CORPORATION, <br><br> Defendant and Respondent. | B315152 <br><br> (Los Angeles County <br> Super. Ct. No. BC661236) |

APPEAL from an order of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Wisner Baum, Timothy A. Loranger; The Wolk Law Firm, Arthur Alan Wolk, for Plaintiffs and Appellants.

Snell and Wilmer, Tracy H. Fowler, Elisabeth M. McOmber, and Jing Hua, for Defendant and Respondent Avco Corporation.

# I. INTRODUCTION

Gregory Torres, individually and as executor of the estate of Diana Soto; Melinda Green, individually and as executrix of the estate of Evelyn Walker; and Samantha Perry, individually and as personal representative of the estate of James Walker[1] (plaintiffs), brought an action against defendant Avco Corporation (Avco[2]), a Delaware corporation with its principal place of business in Pennsylvania, and others[3] for injuries sustained in and deaths caused by an airplane crash in Nevada. Finding a lack of personal jurisdiction over Avco, the court granted Avco's motion to quash service of the summons and

---

[1]    For clarity, we will refer to Evelyn Walker and James Walker by their first names.

[2]    In their opening brief on appeal, plaintiffs identify the respondent to their appeal as "Avco Corporation a/k/a Lycoming Engines' [*sic*] (hereinafter 'Lycoming')." Plaintiffs' complaint, however, named Avco and Lycoming Engines (Lycoming) as separate defendants. The complaint alleges, in part, Lycoming "is an operating division of Avco and a Delaware corporation with its principal place of business in Pennsylvania . . . ." In the trial court, Avco admitted Lycoming was an operating division of Avco, but stated Lycoming was not incorporated and thus was not properly named as a separate defendant. Avco, and not Lycoming, filed the motion to quash that plaintiffs challenge on appeal. Accordingly, Avco is the respondent on appeal.

[3]    The other defendants are not parties to this appeal. Below, we identify some of those defendants when relevant to this appeal.

complaint (motion to quash) and dismissed plaintiffs' action as to Avco. Plaintiffs appeal and we affirm.

## II.    BACKGROUND[4]

A.    *Plaintiffs' Complaint*[5]

On May 12, 2017, plaintiffs filed a complaint alleging that on May 17, 2015, Torres was the pilot for an airplane flight that departed from Bullhead International Airport in Laughlin, Nevada, and was to land at Goodyear Airport in Goodyear, Arizona. Soto, Evelyn, and James were passengers aboard the airplane, a Commander 114B, a single engine piston driven aircraft (the airplane).

Just after the airplane departed, it began to lose engine power. The airplane did not have sufficient power to return to the airport, so Torres landed the airplane in a park. When the airplane landed, all aboard were alive and conscious. While the occupants attempted to exit the airplane, it ignited. James died in the fire. Torres, Evelyn, and Soto were badly burned and

---

[4]    We deny the parties' respective requests for judicial notice.

[5]    Plaintiffs filed their complaint as a "savings action" to comply with the California statute of limitations while an "identical parallel case" was pending in the Superior Court of Arizona, Maricopa County. The trial court granted plaintiffs' ex parte application to stay their California action to avoid duplicative litigation. In a subsequent ex parte application to lift the stay, plaintiffs informed the court the Arizona court had dismissed the Arizona action as to Avco and Lycoming for lack of personal jurisdiction. The court lifted the stay.

3

taken to the hospital. Evelyn and Soto died from their injuries. An investigation of the accident determined that a turbo-normalizing system in the airplane contributed to and caused the loss of power that forced the airplane to land.

Plaintiffs' complaint alleged causes of action for strict liability; negligence; breach of express and implied warranties; fraud; negligent misrepresentation; negligent infliction of emotional distress; recklessness, outrageousness, willful and wanton misconduct; and survival.[6]

## B.  *Avco's Motion to Quash*

On October 31, 2019, Avco filed its motion to quash arguing a lack of personal jurisdiction—either general or specific—because it was neither domiciled nor incorporated in California and had insufficient suit-related contacts with California to permit plaintiffs to sue it here. The trial court agreed, granted Avco's motion, and dismissed plaintiffs' action as to Avco.

In support of its motion to quash, Avco presented evidence that the airplane was a Rockwell International Commander 114B that was manufactured and registered in 1976. The airplane was equipped with a Lycoming IO-540-T4A5D engine (Lycoming T4A5D engine). That engine was manufactured in Pennsylvania before the airplane was registered in 1976. Avco did not sell the Lycoming T4A5D engine in California or to a California purchaser.

---

[6]  The complaint is unclear about whether Avco is a defendant in all of these causes of action. For purposes of this appeal, we will assume it is.

4

Defendant Garrett AiReseach (Garrett) designed and manufactured a turbocharger for Avco to use in three Lycoming engine models, not including the Lycoming T4A5D engine. Avco did not direct or control Garrett's design or manufacture of its turbocharger. Garrett manufactured its turbochargers in California.

At the time of the crash, the airplane's engine was equipped with a Garett turbocharger (the Garrett turbocharger). Avco had purchased that turbocharger from Garrett for use in an engine—model TIO-540-AF1A (Lycoming AF1A engine)—that was sold to a customer in Germany in 1991. In 2002, Camarillo Aircraft Service, whose principal place of business was in Camarillo, California, installed the Garrett turbocharger on the airplane. Avco did not install the Garrett turbocharger on the airplane.

In its ruling granting Avco's motion to quash, the trial court found Avco had presented evidence that the only Avco products involved in this case were two engines Lycoming manufactured and sold in Pennsylvania. Plaintiffs did not focus their opposition to Avco's motion to quash on those products, but instead focused on the aftermarket turbocharger that Garrett manufactured in California. Plaintiffs failed to provide evidence that the turbocharger was an Avco product.

The trial court found "the only competent evidence appears to demonstrate that the turbocharge[r] was not part of the original equipment of the Lycoming engine and was purchased as a pre-assembled component by Avco. Avco's mere purchase of the turbocharger at issue in this case from Garrett . . . decades before the subject accident is not sufficient to establish specific jurisdiction."

The trial court further found plaintiffs failed to provide facts that showed Avco purposefully availed itself of forum benefits or showed plaintiffs' action related to or arose out of Avco's contacts with California. Plaintiffs' evidence of Avco's generalized contacts with California did not establish plaintiffs' action related to or arose out of those contacts. Moreover, requiring Avco to defend itself in California did not comport with notions of fair play and substantial justice.

## III. DISCUSSION

### A. *Burdens of Proof and Standard of Review*

When a defendant files a motion to quash service of summons, the plaintiff has the initial burden to demonstrate by a preponderance of the evidence facts justifying the exercise of jurisdiction. (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 273 (*Pavlovich*); *In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 110 [preponderance of the evidence standard].) If the plaintiff meets its burden, then the defendant must demonstrate the exercise of jurisdiction would be unreasonable. (*Pavlovich, supra*, 29 Cal.4th at p. 273.) In reviewing a trial court's jurisdiction ruling, we will not disturb the court's factual determinations if they are supported by substantial evidence. (*Ibid.*) If there is no conflict in the evidence, the question of jurisdiction is one of law and we review the record independently. (*Ibid.*)

In this case, there are factual conflicts in the evidence of personal jurisdiction. Accordingly, we review the trial court's

factual determinations for substantial evidence.  (*Pavlovich, supra*, 29 Cal.4th at p. 273.)

B.    *Personal Jurisdiction*

1.    <u>Specific Jurisdiction</u>

"California's long-arm statute (Code Civ. Proc., § 410.10) authorizes California courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California.  'The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts.  [Citation.]  Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  [Citations.]

"Personal jurisdiction may be had on either a general (all-purpose) or specific (case-linked) basis.  [Citation.]  A nonresident defendant is subject to the general jurisdiction of the forum if the defendant is '"essentially at home in the forum State,"' which, for corporations, is commonly the place of incorporation or where the corporation maintains its principal place of business.  [Citation.] . . .

"'Specific jurisdiction is very different.  In order for a state court to exercise specific jurisdiction, "the *suit*" must "aris[e] out of or relat[e] to the defendant's contacts with the *forum*."  [Citations.]  In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an]

7

activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." [Citation.] For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." [Citation.]' [Citation.]

'"When determining whether specific jurisdiction exists, courts consider the "'relationship among the defendant, the forum, and the litigation."' [Citations.] A court may exercise specific jurisdiction over a nonresident defendant only if: (1) "the defendant has purposefully availed himself or herself of forum benefits" [citation]; (2) "the 'controversy is related to or "arises out of" [the] defendant's contacts with the forum'" [citations]; and (3) "'the assertion of personal jurisdiction would comport with "fair play and substantial justice"'" [citations].' [Citations.]" (*Halyard Health, Inc. v. Kimberly-Clark Corp.* (2019) 43 Cal.App.5th 1062, 1069–1070 (*Halyard Health, Inc.*).)

Plaintiffs contend the trial court erred in ruling they failed to show specific jurisdiction over Avco.[7] We disagree. Substantial evidence shows plaintiffs' action does not relate to or arise out of Avco's contacts with California.

Avco manufactured two products that are involved in the case: the Lycoming T4A5D engine (the airplane's engine) and the Lycoming AF1A engine. Both engines were manufactured in Pennsylvania. Avco did not sell the engines in California or to California purchasers. The only connection either of those engines had to California is that the Lycoming AF1A engine, as

---

[7] As noted above, the court ruled plaintiffs failed to demonstrate either general or specific jurisdiction over Avco. On appeal, plaintiffs only challenge the court's specific jurisdiction ruling.

originally manufactured, contained the Garrett turbocharger, a California product.  Avco did not direct or control Garrett's design or manufacture of the turbocharger, and Avco purchased the turbocharger from Pennsylvania.  Avco did not install the Garrett turbocharger on the airplane.  The airplane crash occurred in Nevada.

Because we hold plaintiffs' action does not relate to or arise out of Avco's contacts with California, we need not address whether Avco purposefully availed itself of forum benefits or whether the assertion of personal jurisdiction over Avco would comport with fair play and substantial justice.  (*Halyard Health, Inc., supra*, 43 Cal.App.5th at p. 1070.)

2.    <u>Agency</u>

Plaintiffs argue Garrett acted as Avco's agent in California and Avco is thus subject to personal jurisdiction in California through its agent's contacts with California.  Plaintiffs make this argument for the first time on appeal.  Accordingly, they have forfeited it.  (*Lewis v. Superior Court* (2017) 3 Cal.5th 561, 578 (*Lewis*) [an appellant forfeits, and we do not reach, issues raised for the first time on appeal]; *Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780 (*Bogacki*) ["The general rule that a legal theory may not be raised for the first time on appeal is to be stringently applied when the new theory depends on controverted factual questions whose relevance thereto was not made to appear at trial"].)

9

### 3. Judicial Estoppel

In the Arizona action, Avco filed a renewed motion to dismiss for lack of personal jurisdiction. In that motion, Avco argued: "Additionally, the turbocharger that was an aftermarket modification to the subject aircraft, part No. 46C19836D (the 'Turbocharger') was designed and manufactured by defendant Garrett . . . for Lycoming . . . in Torrance California'" and "[b]ut it has been established that the Turbocharger was designed and manufactured in California—not Arizona—by defendant Garrett . . . ." Avco's counsel also purportedly argued to the Arizona court, "'[A]ll of Garrett's activities, however they are characterized, took place in California. There's not [*sic*] question in the record at this point in time about that.'"[8] Plaintiffs contend these "judicial admissions" judicially estop Avco from contesting personal jurisdiction in California. Plaintiffs have forfeited appellate review of this contention.

Plaintiffs contend they argued to the trial court that Avco's prior statements "constituted a judicial admission that militated against [Avco's] jurisdictional challenge here. This was not considered in the . . . court's opinion, though raised."[9] Assuming

---

[8] Plaintiffs' record cite for this quote is a meet and confer letter from its counsel to Avco's counsel concerning Avco's responses to plaintiffs' requests for admissions. In that letter, plaintiffs' counsel purported to quote Avco's counsel's argument to the Arizona court.

[9] The factual argument that a judicial admission militates against a jurisdictional challenge is not the same as the legal argument that a judicial admission judicially estops a party from challenging personal jurisdiction—the issue plaintiffs raise on

plaintiffs made a judicial estoppel argument below, implicit in plaintiffs' contention on appeal is their failure to press the court for a ruling on their argument.  By that failure, plaintiffs have forfeited appellate review.  (*People v. Ramirez* (2006) 39 Cal.4th 398, 450 [the failure to press a court for a ruling deprives the court of the opportunity to correct its potential error and forfeits appellate review]; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247 [a party's "failure to prompt the court to rule on its request and obtain such a ruling amounted to a forfeiture of its request"].)

appeal.  Moreover, plaintiffs, in their initial briefs on appeal, did not provide a record cite demonstrating they made either argument in the trial court.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *In re S.C.* (2006) 138 Cal.App.4th 396, 406–407 [a "party also must cite to the record showing exactly where the objection was made. [Citations.]  When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.]  We can simply deem the contention to lack foundation and, thus, to be forfeited. [Citations.]"].)  In a supplemental letter brief, plaintiffs cite to references in their opposition to the motion to quash.  But these references do not include an argument that the doctrine of judicial estoppel should apply.  As we held above, issues raised for the first time on appeal are forfeited.  (*Lewis, supra*, 3 Cal.5th at p. 578; *Bogacki, supra*, 5 Cal.3d at p. 780.)  Further, we decline to exercise our discretion to consider the merits of the argument notwithstanding the forfeiture.

## IV.   DISPOSITION

The order is affirmed.  Avco is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.